IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                    OPINION AND ORDER
                    Plaintiff,
                                                    08-cv-687-bbc
                                                    06-cr-157-bbc
            v.

JAMES STEVENS,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant James Stevens has filed a timely motion for post conviction relief under 28 U.S.C. § 2255, contending that his conviction was illegal because he was denied constitutionally effective counsel. According to defendant, his court-appointed counsel failed to conduct an adequate pretrial investigation; failed to advise defendant of his available defenses; failed to investigate defendant's criminal background and, as a result, gave defendant erroneous advice about his career offender status; failed to provide accurate information about the length of sentence defendant might face; failed to advise defendant that he could challenge his prior convictions that were the basis for his classification as a career offender; and failed to object to the presentence report.

1

I find that defendant has failed to produce any evidence to support the claims he makes. Instead, he relies entirely on vague allegations and conclusory contentions. Therefore, his motion for postconviction relief will be denied.

BACKGROUND

Defendant was charged with conspiracy to possess with intent to distribute 5 grams or more of cocaine base and with distributing cocaine base. The charges grew out of a series of drug sales by defendant and his co-conspirators, Jerry Lee Ward and Laron Crittendon. On November 5, 2005, Ward sold crack cocaine to a confidential informant and undercover police officer for $800. Shortly afterwards, the officer discovered that Ward had shorted him by half. Defendant called the officer later the same day, offering to make up the shortage if the officer would purchase an ounce of crack cocaine from defendant. The officer agreed and met defendant at a carwash, where defendant sold him additional crack cocaine, but did not make up the amount Ward had withheld. A week later, defendant called the officer, offering to sell another ounce of crack cocaine for $800. The officer agreed and the sale took place. Lab reports showed that the entire quantity of crack cocaine sold by both defendant and Ward was 53.28 grams.

Defendant and his co-conspirators were indicted on August 23, 2008. Defendant entered a plea of guilty on December 21, 2006. At the time, he told the court that he

2

understood that sentencing discussions between the parties were not part of the plea agreement and he should not rely on the possibility of a particular sentence as a result of those discussions. He said he understood that the court could give him any sentence up to and including the maximum sentence of forty years. In response to questions from the court, he said that no one had made him any other promises in an effort to persuade him to plead guilty other than those contained in the written plea agreement, no one had threatened him or forced him to plead guilty and no one had told him he would receive a particular sentence.

After the probation office prepared the presentence report, defendant's attorney filed no specific objections but urged the court not to treat defendant as a career offender. He conceded that the law in the circuit supported the classification, but argued that the two battery convictions on which the probation office relied were minor in nature. Applying them, he argued, would mean that defendant would receive a lengthier sentence than those imposed on others for far more serious conduct. He maintained that it was both wrong and unfair to treat crack cocaine offenses so much more harshly than powder cocaine offenses.

At sentencing, defendant told the court that he recognized he had been wrong when he engaged in the sales of crack cocaine. He said nothing about any deficiencies in his representation or about any disagreements with his attorney. He was sentenced to 200 months, which was in the lower third of the guideline range of 188 to 235 months.

3

Defendant appealed his sentence, arguing that the crack cocaine guidelines were applied unreasonably in his case and that he should not have been classified as a career offender.  His arguments were rejected and his sentence affirmed.

OPINION

The United States Constitution guarantees persons charged with crimes the assistance of a lawyer who functions at or above an objective standard of reasonable effectiveness and whose performance does not so prejudice his or her client as to deprive the client of a fair trial.  Strickland v. Washington, 466 U.S. 668 (1984); United States v. Bethel, 458 F.3d 711, 716-17 (7th Cir. 2006).  A defendant contending that he was denied this level of assistance must prove that his lawyer failed him in both respects, that is, he must show that counsel performed below the minimal standard of representation *and* that the poor performance was so prejudicial as to deprive the defendant of a fair trial.  Moreover, the defendant must support his contention of inadequacy with facts; he cannot rest on allegations.

1. Adequacy of counsel's pretrial investigation

Defendant begins by challenging his attorney's alleged failure to conduct an adequate pretrial investigation.  He contends that if counsel had undertaken a full investigation of the

4

undercover officer, counsel would have discovered that the officer had been known to engage in "egregiously inappropriate and unlawful conduct."  Defendant says he told counsel that the officer was acting like a rogue cop, threatening to bust people who did not provide him with illegal narcotics, entrapping people and generally abusing his powers as an undercover officer.  One "telltale sign" of this, he says, is that the officer told his drug sources that he was a police officer.

Defendant does not cite any evidence or allege any specific facts in support of his contention that the officer was a "rogue cop."  Presumably, the "telltale sign" he refers to is the officer's saying yes when one of defendant's co-conspirators asked him whether he was a cop.  The government suggests that this admission was facetious.  The characterization seems correct because the comment did not put an end to the drug transaction then in process.

A defendant seeking the reversal of his conviction on the basis of his counsel's failure to investigate must provide the court "a comprehensive showing as to what the investigation would have produced," Hardamon v. United States, 319 F.3d 943, 951 ((7th Cir. 2003), and show that the information discovered "would have led counsel to change his recommendation as to the plea." Hill v. Lockhart, 474 US. 52, 58-60 (1985). Richardson v. United States, 379 F.3d 485 (7th Cir. 2004).  Defendant failed at the first step.  He has not identified any illegal or questionable activity by the undercover officer that an

5

investigation would have uncovered.  It is not enough for him to say simply that there might have been such activity.

## 2. Failure to advise defendant properly

In this section, I will address all of defendant's allegations of shortcomings in his attorney's performance that fall under the general heading of failure to give proper advice. These include (a) failure to advise defendant of his available defenses; (b) failure to investigate defendant's criminal background with the result that he gave defendant erroneous advice about his career offender status and the potential length of his sentence; and (c) failure to advise defendant that he could challenge his two prior felony convictions for battery.

### a. Failure to advise of available defenses

Defendant attacks his attorney's failure to advise him of available defenses but he does not identify what those defenses might have been.  A lawyer can hardly be required to advise his client of non-existent defenses.  In this case, I cannot think of any valid defense defendant could have had to a charge of two hand-to-hand buys, when the officer had a chance to see him face-to-face on two different occasions.  Entrapment is not a possibility; defendant initiated the drug transactions.  The drugs were weighed and analyzed by the state

6

crime laboratory, thereby eliminating (or at least narrowing) the possibility that they were not what they were purported to be or that they did not add up to the amount claimed by the government.

b. Failure to advise defendant of the effect of prior crimes on his career offender status and the length of his sentence

      Defendant's second allegation of failure to give adequate advice centers on his attorney's alleged failure to investigate his criminal background and advise him of the effect of his prior crimes on his sentencing guidelines or to advise him of his likely sentence.  As with his claim of failure to investigate in general, defendant has not identified anything his attorney would have found had he investigated his prior crimes more carefully.  He cannot be arguing that his counsel would have learned that defendant's two previous batteries "were not very serious."  Counsel did know this:  he argued it to the court in his sentencing memorandum.  As counsel acknowledged, the law was against him on this issue; defendant had been convicted of two batteries, which meant that he was classified as a career offender under the Sentencing Guidelines, which do not differentiate between serious felony batteries and less serious felony batteries.

      As a slight variant on this theme, defendant argues not only that his counsel failed to advise him of the effect of being a career offender, but that he promised defendant he would

7

get a ten- year sentence.  These statements are undermined by his statements in open court.

At the plea hearing, he assured the court that he had had sufficient time to talk with his

counsel about the consequences of his plea and he told the court he understood that his

sentence might be as long as 40 years.  In addition, he told the court that no one had made

any promises to him other than those contained in the plea agreement.  At sentencing,

defendant told the court that he had no objection to anything in the report, although he

would have known from reading the report that he was classified as a career offender.

Defendant is bound by the statements he made in court.   United States v. Martinez, 169

F.3d 1049, 1054 (7th Cir. 1999) ("'the record of a Rule 11 proceeding is entitled to a

"presumption of verity" . . . and the answers therein are binding'") (quoting United States

v. Winston, 34 F.3d 574, 578 (7th Cir. 1994)).

         Moreover, defendant has not supported his claim of a promised sentence with any

evidence.  Key v. United States, 806 F.2d 133 (7th Cir. 1986) (contention that counsel

made promises to defendant must be supported by allegations specifying terms of alleged

promises, when, where and by whom such promises were made and precise identity of any

witnesses to promise; even these allegations may not be sufficient to warrant evidentiary

hearing if they do not overcome presumption of record).

         Even if it were true that counsel failed to give defendant advice about his career

offender status, this failure would not amount to constitutional ineffectiveness.  Defendant

8

would still have to show that he could meet the second prong of the standard, which is that counsel's failure caused him prejudice. To do this, he would have to show that he would have gone to trial. He has made no such showing. He has said only that he would have exercised his right to trial had he known what his sentencing range was likely to be. This mere assertion does not overcome the implausibility of his going to trial in the face of the evidence against him.

Defendant asserts that his counsel advised him to plead guilty "erroneously," in an effort to expedite the case. Once more, he offers no proof of this, such as evidence that counsel had any improper motivation to expedite the case. Counsel would continue to be paid if the case went to trial, so saving money would not have been a reason to give defendant inaccurate advice. Counsel did have a motivation to expedite the case, but only in the sense that doing so was in his client's best interests, given the evidence against him and the advantage to him of receiving credit for acceptance of responsibility.

c. Failure to advise defendant that he could attack the validity of his two battery convictions

To show that it was ineffectiveness for counsel not to advise him properly about his two prior convictions, defendant would have to produce evidence that the convictions were vulnerable to attack. He has not suggested that he has any such evidence. He has identified no constitutional defect in either of the two convictions that might support a challenge, such

9

as a denial of counsel at the proceeding.  Because he has filed to provide a good reason to believe that the sentences were improper in some way, his attempt to tag his attorney with ineffectiveness on this point fails.

3. Alleged failure to challenge the presentence report

Defendant argues that his counsel did not file a single objection to the presentence report.  This is not completely accurate.  Counsel did not make any formal objections but he filed an eight-page sentencing memorandum, arguing the alleged over-representation of defendant's criminal history if he were to be sentenced as a career offender and he argued the disparity in crack and powder cocaine sentences.  The memorandum was well written and well reasoned.  Moreover, defendant seems to forget that he himself told the court at sentencing that he had no objections to the report.

Defendant says that his counsel should have objected to counting his two battery convictions as separate offenses under U.S.S.G. § 4A1.2, Comm. Note 3 (2006), but does not explain this statement.  The commentary to § 4A1.2 defines a sentence of imprisonment as one that a defendant has actually served.   Defendant has not offered any proof that he did not serve a sentence for either or both of the two crimes of battery of which he was convicted.

In summary, I conclude that defendant has shown no basis for his contention that his

10

attorney failed to investigate his crime, failed to give him accurate advice about his possible sentence and failed to challenge the presentence report.

ORDER

IT IS ORDERED that defendant James Stevens's motion for post conviction relief

11

under 28 U.S.C. § 2255 is DENIED.

Entered this 15th day of June, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

12